UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., | ) ) ) | CASE NO. 5:09CV932 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | OPINION AND ORDER |
| LIVINGSTON MRI, LLP, | ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of Plaintiff Hitachi Medical Systems America, Inc. (Plaintiff) to enforce the settlement and for an award of costs and fees. (Doc. No. 29.) Defendant Livingston MRI, LLP (Defendant) has filed a response (Doc. No. 32), and Plaintiff has replied. (Doc. No. 33.) For the reasons that follow, the Court **AWARDS** Plaintiff reasonable attorney's fees and costs associated with prosecuting the motion.

**Background**

The details of the underlying lawsuit are not significant to the present motion. The facts surrounding the filing of the motion to enforce, however, are. On April 23, 2009, Plaintiff filed the Complaint in this Court. After Defendant filed its Answer, the Court scheduled the matter for a Case Management Conference (CMC). Pursuant to its Scheduling Order, each party was required to send a representative to the CMC who possessed "actual settlement authority." (Doc. No. 7, Scheduling Order, p. 2.) On June 19, 2009, the Court conducted the CMC. Defendant's Office Manager, Philip Conkright,

attended the CMC on behalf of Defendant (*See* Minutes June 19, 2009) and by doing so, Defendant represented to Plaintiff and the Court that Mr. Conkright had settlement authority. While the parties and the Court briefly explored the possibility of settlement, no resolution was reached at the conference.

On October 21, 2009, the Court conducted a status conference in this matter. Once again, Defendant sent Mr. Conkright as its representative. (*See* Minutes October 21, 2009.) At the conference, the parties and the Court revisited the possibility of settlement. After extensive settlement discussions, of which Mr. Conkright was a participant, "the parties advised the Court that they may have reached a settlement, but that additional time [was] needed to perform a due diligence before a final agreement [could] be reached." (*Id.*) The parties were directed to contact the Court's law clerk by November 4, 2009 to report as to whether the case was settled. (*Id.*)

The parties agree that, following the status conference, additional settlement discussions were conducted and an agreement was reached. Defendant further concedes that Mr. Conkright and Managing Partner George DeLoach approved the draft of the final settlement agreement proposed by Plaintiff. (See Doc. No. 26, Plaintiff's Amended Motion to Set Aside at 1.) By an email dated November 4, 2009, Plaintiff's counsel advised the Court that the matter was settled. (Plaintiff's Mot., Ex. B.) In accordance with its practice after receiving notice that an action had settled, the Court entered an order dismissing the action. (*See* Doc. No. 24.)

On November 9, 2009, Defendant filed a motion to set aside or vacate the Court's order of dismissal (Doc. No. 25); the motion was amended two days later. (Doc. No. 26.) In its amended motion, Defendant argued for the first time that Mr. Conkright

2

did not have settlement authority, and that any such authority rested exclusively with Defendant's board of directors. Defendant further maintained that its board would not approve any settlement until after it learned of the results of a mediation that was scheduled in another lawsuit. (*Id*. at 2.) Plaintiff filed a brief in opposition to the motion to vacate. It also filed the present motion to enforce the settlement.

Defendant withdrew its motion to vacate on November 17, 2009, indicating that the mediation in the other matter had taken place and that the board was now ready to authorize its managing partner to approve the settlement in this matter. (Doc. No. 31, Notice of Withdrawal.) Following this withdrawal, the Court conducted a telephonic status conference to determine whether Plaintiff remained interested in pursuing attorney's fees and costs associated with the production of its motion to enforce. (*See* First Minute Entry December 7, 2009.) After extending to Plaintiff a short leave to confer, Plaintiff's counsel advised the Court that it still wished to seek fees and costs. (*See* Second Minute Entry December 7, 2009.)

**Discussion**

With the withdrawal of Defendant's motion to vacate, there is no longer a need for the Court's intervention to enforce the settlement. Nonetheless, the Court must assess the merits of the motion to enforce in order to determine whether an award of costs and fees is appropriate.

A federal court has inherent power to enforce settlement agreements that have been voluntarily entered into by the principals. *See Therma-Scan, Inc. v. Thermoscan, Inc*., 217 F.3d 414, 419 (6th Cir. 2000); *Tabbaa v. Koglman*, 149 Ohio App. 3d 373, 377 (Ohio Ct. App. 8th Dist. 2002). This authority is not diminished by the fact

that the "agreement has not been reduced to writing." *Brock v. Scheuner Corp.*, 841 F.2d 151, 153 (6th Cir. 1988). *See Bowater North America Corp. v. Murray Machinery, Inc.*, 773 F.2d 71, 77 (6th Cir. 1985). The party relying on the settlement agreement has the burden of proving its validity by clear and convincing evidence. *See Huffer v. Herman*, 168 F. Supp. 2d 815, 823 (S.D. Ohio 2001).

There have been no allegations that Mr. Conkright failed to enter into a settlement agreement with Plaintiff. Defendant maintains only that he lacked the authority to do so. Plaintiff counters with the theory that Mr. Conkright had apparent authority under Ohio law to bind Defendant. *See, e.g., Ohio Taekwondo Ass'n v. United States Olympic Com.*, 2006 U.S. Dist. LEXIS 80914 (S.D. Ohio Nov. 6, 2006).

"Apparent authority […] can be created only by the principal's manifestations to a third party […]. The agent's representations of authority to a third person, standing alone, are insufficient to create apparent authority in the agent to act for the principal." *Central States Southeast & Southwest Areas Pension Fund v. Kraftco, Inc.*, 799 F.2d 1098, 1112 (6th Cir. 1986) (internal citation omitted.). *See Schalmo Builders, Inc. v. Zama*, 2008 Ohio App. LEXIS 4924 (Ohio Ct. App. 8th Dist. Nov. 13, 2008) (citing *Ohio State Bar Ass'n v. Martin*, 118 Ohio St. 3d 119 (2008)). Courts may summarily find the existence of apparent authority to bind a principal to an agreement, *see Bobonik v. Medina Gen. Hosp.*, 126 Fed. App'x 270, 273 (6th Cir. 2005), and need only conduct an evidentiary hearing when "facts material to an agreement are disputed." *Id.* (citing *Kukla v. National Distillers Prods., Co.*, 483 F.2d 619, 621 (6th Cir. 1973)).

Here, the facts leading up to the filing of the Court's order of dismissal are not in dispute. The parties agree that Mr. Conkright entered into settlement discussions

4

with Plaintiff and that Mr. Conkright, along with Defendant's managing partner, ultimately approved a draft of the settlement agreement. Because the parties do not dispute the terms of this draft agreement, summary ruling without an evidentiary hearing is appropriate. *See Bobonik,* 126 Fed. App'x at 273; *Kukla,* 483 F.2d at 621.

The Court finds that Defendant's own actions establish that Mr. Conkright had the apparent authority to enter into a binding agreement with Plaintiff. From the moment that settlement was first discussed in the CMC, Defendant has represented to Plaintiff and this Court that Mr. Conkright possessed the requisite authority to bind Defendant to a settlement. *See, e.g., Ohio Takewondo Ass'n*, 2006 U.S. Dist. LEXIS 80914, at *6. That the actual authority may have resided exclusively with Defendant's board has no bearing on this determination. Thus, had Defendant not withdrawn its motion to vacate the order of dismissal, the Court would have granted Plaintiff's motion to enforce.

Finding merit to Plaintiff's motion, the Court turns to Plaintiff's request for fees. With respect to the issue of attorney's fees and costs, the settlement agreement provides, in relevant part:

> Each party shall bear its own attorney's fees and costs incurred in connection with the consummation of this Agreement. If any dispute arises under this Agreement or in connection with the subject matter hereof, the ultimate prevailing party in any litigation between the parties shall be entitled to recover its reasonable attorney's fees and costs.

(Doc. No. 30, Draft Settlement Agreement at ¶ N.) As the prevailing party, Plaintiff was entitled under the agreement to its costs and fees incurred in defending its position as to the settlement. That Defendant ultimately withdrew its motion does not negate the fact that Plaintiff had both the right and need to file a motion to enforce to protect the parties'

lawful agreement. The Court, therefore, finds that Plaintiff is entitled to recover its reasonable attorney's fees and costs.

Plaintiff shall have until April 16, 2010 to submit a petition setting forth in detail the attorney's fees and costs incurred in preparing the motion to enforce. Plaintiff is advised that it will not be compensated for its preparation of its opposition to Defendant's motion to vacate inasmuch as much of this document is duplicative of its motion to enforce. Plaintiff is, therefore, cautioned to limit its petition to the fees and costs associated with the preparation of the motion to enforce. Defendant shall have until April 30, 2010 to file an opposition to the petition. Unless the Court finds the need to conduct an evidentiary hearing, the Court will thereafter rule based upon the parties' submissions.

**IT IS SO ORDERED**.

Dated: April 1, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**